EXHIBIT "B"

SUPREME COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY

PRESENT: HON. ANIL C. SINGH
SUPREME COURT JUSTICE

PART 61

Index Number : 651110/2011
PARADIGM CAPITAL FUNDING LLC
vs
ROM-JENSEN, ESQ., STACY
Sequence Number : 004
DISMISS ACTION

INDEX NO. _____
MOTION DATE _____
MOTION SEQ. NO. _____

The following papers, numbered 1 to __3__, were read on this motion to/for _____

| | No(s). |
|---|---|
| Notice of Motion/Order to Show Cause — Affidavits — Exhibits | 1 |
| Answering Affidavits — Exhibits | 2 |
| Replying Affidavits | 3 |

Upon the foregoing papers, it is ordered that this motion is *decided in accordance with the annexed memorandum opinion.*

DECIDED IN ACCORDANCE WITH
ACCOMPANYING DECISION / ORDER

MOTION/CASE IS RESPECTFULLY REFERRED TO JUSTICE
FOR THE FOLLOWING REASON(S):

Dated: JUL 0 3 2014

_____, J.S.C.
HON. ANIL C. SINGH
SUPREME COURT JUSTICE

1. CHECK ONE: ☐ CASE DISPOSED  ☒ NON-FINAL DISPOSITION
2. CHECK AS APPROPRIATE: .......... MOTION IS: ☐ GRANTED  ☐ DENIED  ☒ GRANTED IN PART  ☐ OTHER
3. CHECK IF APPROPRIATE: .......... ☐ SETTLE ORDER  ☐ SUBMIT ORDER
   ☐ DO NOT POST  ☐ FIDUCIARY APPOINTMENT  ☐ REFERENCE

```
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: IAS PART 61
---------------------------------------- X
PARADIGM CREDIT CORP.,
                              Plaintiff,

            - against-
                                              Index No. 651110/2011
STACY ROM-JENSEN, ESQ.,
                              Defendant.
---------------------------------------- X
STACY ROM-JENSEN, ESQ.,

    Defendant/Third-Party Plaintiff
                                              DECISION AND ORDER
            -against-


PARADIGM CAPITAL FUNDING, LLC,

    Third-Party Defendant.

----------------------------------------X
```

ANIL SINGH, J.S.C.:

This motion for summary judgment by defendant third-party plaintiff Stacy Rom-Jensen, Esq. (Rom-Jensen), seeks an order dismissing the complaint, or, alternatively, striking plaintiff's note of issue and compelling further discovery. Rom-Jensen also moves for partial summary judgment on her third-party complaint, which asserts claims for unpaid salary and legal fees as well as her pro rata share of the proceeds of a mortgage participation agreement.

Plaintiff Paradigm Credit Corp. (Paradigm) brings this legal malpractice action against Rom-Jensen, its former general

1

counsel, following her termination on March 3, 2011. Rom-Jensen had served in that position for fourteen years.

Paradigm is engaged in the acquisition and issuance of mortgages, funded generally by pools of individual investors and its own capital. David Kushner (Kushner) is the president of Paradigm and a member of third-party defendant Paradigm Capital Funding, LLC (Paradigm Capital), a related entity that services mortgages. The principals of Paradigm Capital are nonparties, Kushner, Jeffrey Meshel (Meshel) and Wayne Sturman (Sturman) (Rom-Jensen aff, exhibit C at 160).

The alleged malpractice occurred in connection with an investment by Paradigm, through a series of mortgage transactions starting in July 2007, when Paradigm's predecessor entered into a $3 million consolidated mortgage agreement with 522 W. 24th St. Associates, Inc., which owned an improved lot at 552 W. 24th Street in Manhattan (the Property).

In May 2008, Paradigm increased its investment to $4.96 million by acquiring numerous mortgages on the property. Thereafter, through a series of transactions, Pine Village Corporation (Pine Village) became the owner of the Property, subject to $6.5 million in mortgage debt held by Paradigm.

According to a schedule of participants prepared by defendant, Paradigm Capital funded the $6.5 million investment entirely through participation agreements with approximately 42

participants from all over the country, including Rom-Jensen, who invested $75,000 for a 1.15% interest (see Barrows reply affirmation, exhibit A).

Pine Village defaulted in August 2008, three months after the execution of the loan. The interest rate was 14% with five points, a property value of $11.8 million, and a loan to value ratio of 55.08% (see Kushner answering aff, exhibit 3).

In August 2011, after protracted foreclosure proceedings, Paradigm sold its winning bid at the foreclosure auction for $9.5 million, yielding a gross profit of $3 million. By letter dated October 19, 2011 (exhibit II to mov aff), Paradigm Capital advised its investors, including Rom-Jensen, of the sale, and listed expenses including $380,000 in legal fees, $570,000 for an unnamed "broker/consultant," and $172,437 in real estate taxes.

According to the amended complaint, which contains one cause of action sounding in legal malpractice, Rom-Jensen committed legal malpractice by failing to advise Paradigm of the existence of a provision in a duly recorded January 25, 2007 zoning lot and development agreement (exhibit X to Rom-Jensen aff; the ZLDA)[1]

---

[1] That provision defines "Bonus Development Rights, as "(a) any bonus floor area and other development rights attributed to the Combined Zoning Lot which may be available through the provision of an amenity or public benefit in accordance with the Zoning Resolution or available by reason of any special permit, application, or variance, and (b) any special development rights permitted under the Zoning Resolution and which may be authorized to be developed by any of the City Agencies from time to time, including, without limitation any Development Rights pursuant to

3

between the owner of lot 65, which comprises 552-554 W. 24th Street, described in the ZLDA as the "Seller," and the owner of adjacent lots 67-70, described as the "Developer."

The record shows that Rom-Jensen was aware of the ZLDA and of a provision in it that conveyed 1,800 square feet of "excess development rights," which are defined in the ZLDA as floor area development rights, to the Developer. However, the ZLDA also contained a provision that conveyed "Bonus development rights," resulting in a significant reduction in the size of a building that could be constructed on the lot. Section 2.9 of the ZLDA provides, as pertinent, that "the Floor Area that may exist on Seller's property may equal but not exceed the Floor Area currently utilized by Seller's existing building (id.)," and that the development rights conveyed under the ZLDA could not be used in the construction of a new building on the lot.

In May 2008, prior to Paradigm Capital's funding of a mortgage on the Property, it was appraised (mov aff, exhibit GG) at $11.8 million, on the basis that the lot had a total permissible building envelope of 31,576 square feet and that an 11-story luxury condominium building could be constructed on the site. Plaintiff contends that Rom-Jensen only advised the

---

the Inclusionary Housing Program as presently set forth in Sections 33-90 through 23-94 of the Zoning Resolution and any amendments thereto."

4

appraisers of the 1,800 square foot building rights conveyance, and not of the greater restriction.

After Paradigm had successfully completed protracted foreclosure proceedings for the property, two deals to sell it for $9 million allegedly fell through in 2011, because of the restriction in the ZLDA. This is when Paradigm allegedly first became aware of the restriction. One such failed deal was for $9 million, with a 2% brokerage commission to be paid to Eastern Consolidated (Kushner deposition at 156).

In 2011, Paradigm sold its winning bid at the foreclosure auction for $9.5 million. The successful bidder allegedly also subsequently paid an additional $800,000 to the adjacent property owner to remove the restriction in the ZLDA.

Also in 2011, after Paradigm Capital had sold its interests for $9.5 million, it paid a $570,000 fee, representing 6% of the gross transaction proceeds, to Tulipan Indursky & Sons (Tulipan), an entity that Paradigm's bookkeeper, Ms. Raina Lee, characterized in her deposition testimony as "an entity of Paradigm" (mov aff, exhibit H at 8). Ms. Lee then confirmed that the $570,000 was eventually paid solely to Kushner, Meshel and Sturman (*id.* at 13). Tulipan has no employees (Kushner dep at 248).

After initially advising Rom-Jensen, while she was still general counsel, that there was no broker involved in the $9.5

million sale on behalf of Paradigm,[2] Kushner stated in a January 12, 2011 email to Rom-Jensen: "my bad, we have a broker on our side. Tulipan Indursky @ 4%" (mov aff, exhibit F).

Kushner testified that "Tulipan acted as consultant ... oversaw 12 offers . . . oversaw the transaction" (Kushner deposition at 163). Kushner testified that Tulipan, which consisted only of himself and two other principals, "consult[ed] with Paradigm" (id. at 249). Kushner testified at his deposition as follows:

> "This transaction, as you can see from the amount of offers that were received and the amount of time and legal fees spent, was out of the scope of our regular service agreement and out of the scope of our business. We spent an inordinate amount of time trying to rectify the situation and getting our investors out of that situation in a positive way"

(id. at 250).

Paradigm also collected a $100,000 extension fee from the buyer in connection with the sale of the winning bid, and allegedly did not disburse this fee to the investors. The October 19, 2011 letter does not contain any reference to a $100,000 extension fee paid by Pine Village to Paradigm Capital, which Paradigm admits receiving. There is also evidence that Paradigm collected late fees (see mov aff, exhibit SS).

---

[2] The closing statement indicates that the broker was to be paid by the purchaser pursuant to a separate agreement (see mov aff, exhibit PP).

A November 28, 2012 email from Joshua S. Krakowsky, counsel for Paradigm, to counsel for Rom-Jensen, states "[a]s to the $100K given for the contract extension, this money was kept by my client and not a part of the distribution to investors" (exhibit NN to mov aff).

Section 2 of the participation agreement, captioned "relationship of the parties," provides, in part, that all "interest, fees, and related charges due in connection with the Loan shall be divided pro rata by Lead Lender and participant . . ." (id.), and section 4b, captioned "obligations of servicer," provides that "when [Paradigm Capital] receives or collects any amount from the Borrower . . . which constitutes a payment of principal or interest, then [Paradigm Capital] upon payment by Borrower, shall distribute to Participant its pro rata share of any principal, interest, costs, expenses or fees in accordance with this Agreement" (id.).

There is no provision in the participation agreement that allows Paradigm as the lead lender, or Paradigm Capital, as the servicer, to retain such a fee. Nor can it be reasonably argued that the $100,000 fee was not "received in connection with the loan."

Kushner testified in his deposition that "[we] typically don't share extension fees" (Kushner dep at 171).

This court held a hearing on February 27, 2013, on

7

plaintiff's motion to quash third-party subpoenas, and defendant's cross motion to strike plaintiff's pleadings for failure to provide disclosure. At that hearing, I ordered that a sworn affidavit be submitted by Mr. Kushner, or the person reviewing the files, that there are no written agreements between Tulipan and either Paradigm or Paradigm Capital (see mov aff, exhibit P). I further directed that Paradigm provide all documents responsive to items six, seven, and eight in plaintiff's second document request (mov aff, exhibit S), and state in that affidavit that such production has been made to the extent such documents exist. To date, Paradigm and Paradigm Capital have failed to comply with this order.

By offer to compromise dated July 22, 2013, Paradigm offered to Rom-Jensen $18,474.48 for all claims other than for lost wages or legal fees (see Kushner aff, exhibit 14), reflecting the net amount of Rom-Jensen's claims under the participation agreement.[3]

Paradigm argues that this is the total amount due based on an alleged admission in a court conference that Rom-Jensen's claims over and above the stated proceeds from the participation agreement are worth no more than $15,000. Paradigm has not submitted any documentation of this purported admission. Paradigm argues that discovery of the documents relating to the

---

[3] Rom-Jensen is holding escrow funds now belonging to Paradigm in an escrow account, which would be applied to the amounts due from Paradigm under the participation agreement.

8

proceeds at the closing are no longer relevant by virtue of its offer to compromise. The court disagrees. Paradigm has not demonstrated that the information sought in items six through eight will not "result in the disclosure of relevant evidence or is reasonably calculated to lead to the discovery of information bearing on the claims [internal quotation marks and citation omitted]" (Abrams v Pecile, 83 AD3d 527, 528 [1st Dept 2011]).

First, the filing of the offer to compromise does not satisfy this court's February 27, 2013 order that the affidavit be furnished, and Paradigm is in direct violation of that order. Second, the issue of the propriety of the $570,000 fee paid to Tulipan is highly material to the issue of the actual return that Paradigm's investors realized, or should have realized, on the loan, and therefore relevant to Paradigm's claim for lost profits, regardless of any alleged admission as to the value of Rom-Jensen's claims.

Additionally, the discovery sought with respect to Tulipan is relevant to the third affirmative defense in the second amended action, which alleges that Paradigm engaged in "affirmative wrongdoing."

Given the prima facie evidence of financial improprieties by fiduciaries, this court will not give effect to Paradigm Capital's accounting to investors of the proceeds of the participation agreement, without a full inquiry into its

9

propriety (see generally *McConnell v Commonwealth Pictures Corp.*, 7 NY2d 465, 470 [1960]; *Stone v Freeman*, 298 NY 268, 271 [1948]).

Accordingly, it is

ORDERED that the motion of defendant third-party plaintiff Stacy Rom-Jensen is granted to the extent of striking the note of issue, and directing plaintiff and third-party defendant to comply fully, within five (5) business days of service of this order with notice of entry, with this court's February 27, 2013 order, and the motion is otherwise denied, with leave to renew upon completion of discovery; and it is further

ORDERED, on the court's own motion, that Paradigm Credit Corp. and Paradigm Capital Funding, LLC are directed to retain, and refrain from deleting or destroying any all documents, including all written and electronic documents and communications and related metadata, of any kind, related in any way to the mortgages, the foreclosure proceedings, and the participation interests herein, including all related expenditures by Paradigm in the administration of the mortgages, and the foreclosure proceedings, or related in any way to Tulipan Indursky & Sons.

Dated: 7/3/14

JUL 0 3 2014

E N T E R:

HON. ANIL C. SINGH   J.S.C.
SUPREME COURT JUSTICE

10